Chief Judge Desmond.
Plaintiff sued because of injuries sustained by her when, after leaving defendants’ store in Rochester, she walked across the sidewalk in front of the store and fell. The place where she testified (and the jury apparently found) that she fell was on an asphalt-covered area where there were in the sidewalk two trap doors which had been installed to permit access to the basement of the adjacent building. The installation, many years before, was pursuant to a permit from the City of Rochester. At some previous time these doors had been coated with asphalt in accordance with a local ordinance hereafter discussed. As the record shows and as the testimony and the pictures show, the inner edge of one of the doors was one or two inches higher than the other door’s edge and plaintiff testified that she tripped on that elevated edge.
At the close of the jury trial and after a reservation of decision on a motion for nonsuit, the jury brought in a verdict for plaintiff but the Trial Justice granted the reserved motion and set the verdict aside. The Appellate Division affirmed three to two. The Appellate Division majority wrote that in their opinion there was no proof of any negligence. However, two of the Justices dissented on the ground that there had been presented a question of fact for the jury, calling attention further to section 62(a) of the Municipal Code of the City of Rochester which requires that “ such covering should at all times be kept in repair and free from holes or depressions ’ ’. The theory of the dissent was that this ordinance imposed on defendants a higher degree of care than would rest on the city as to sidewalks generally and that even apart from the ordinance the defendants violated their obligation to use special care as to a part of the sidewalk constructed in a special manner for their special use.
The trial court’s opinion setting aside the verdict cited Clemmons v. Cominskey (2 N Y 2d 958), Lynch v. City of Beacon (295 N. Y. 872) and other decisions which are to the general effect that mere irregularities or unevenness of levels of sidewalk surfaces do not justify findings of negligence. However, this was not a mere unevenness but a really dangerous sidewalk *258 defect and so it comes within the rule that a municipality (or an owner in a case like this) is liable for violation of the duty to keep the walk safe for pedestrians. Applying this latter rule are many cases such as Wilson v. Jaybro Realty & Development Co. (289 N. Y. 410), Loughran v. City of New York (298 N. Y. 320), Vosburgh v. City of Yonkers (274 App. Div. 1065, motion for leave to appeal den. 299 N. Y. 800), and Styler v. City of New York (303 N. Y. 843).
The record here justified a finding by the jury that one of the doors was raised above the other and that plaintiff’s foot tripped on this rise. The Trial Justice so understood the testimony since in his charge he told the jury that it was “ the plaintiff’s claim that this difference in level is what caused her to fall ’ ’. The verdict, therefore, was licit since the proof brought the case within the authorities mentioned above which make a property owner liable when some special sidewalk installation for his benefit is so negligently maintained as to create a trap for the feet of pedestrians.
The local ordinance to which the Appellate Division dissenters referred is as follows: ‘ ‘ All iron or steel cellar doors, covers of any kind over openings into areas, gratings or glass skylights in sidewalks must be kept covered from November 15 to April 1st with asphalt or other composition containing gravel or other substance so that the surface thereof shall not be slippery, and such covering shall at all times be kept in repair and free from holes or depressions.” It plainly imposes on the property owners the obligation to cover such vault doors with a non-slippery substance and requires also that such covering be kept in repair and free from holes or depressions. The court charged the jury that if it should find a violation of this ordinance such violation would be some evidence of negligence if the violation contributed to the happening of the accident, but that the ordinance imposed on an owner no greater care than the city itself was required to use in maintaining public sidewalks generally. Plaintiff did not except to these instructions. There is doubt as to whether the ordinance has any reasonable application to this case. It seems to mean that there must be maintained on such a sidewalk door a covering to prevent slipping and that this covering material must be in repair and without holes or depressions. Perhaps the record would justify a finding either that the plaintiff tripped on a raised edge which would bring *259 her within the trap theory, or that she fell because of the unevenness of the asphalt covering which unevenness appears quite plainly on the photographs. Regardless of the ordinance, however, there was, as we see it, sufficient to justify a recovery under the other theory.
The decision of the Trial Justice granting the motion to set aside the verdict went on the ground that the imperfection in the covering was too slight to afford a basis for a finding of negligence. This overlooked, it would seem, the proof that one part of the vault entrance was so raised as to create a really dangerous condition.
The judgment should be reversed, with costs to abide the event, and the case remitted to the Appellate Division to pass on the facts.
Judges Dye, Fuld, Burke and Foster concur with Chief Judge Desmond ; Judges Froessel and Van Voobhis dissent and vote to affirm upon the ground that this is not a so-called “ trap ” case. Plaintiff tripped on a slight rise. The section 62(a) ordinance is clearly inapplicable. There was no proof of negligence here (see Newhall v. McCann, 267 N. Y. 394).
Judgment reversed, etc.