■ DOROTHY A. ROMANO et al., Respondents, v COUNTY OF MONROE, Respondent, and ROCHESTER GAS & ELECTRIC CORPORATION, Appellant, et al., Defendants.—Order unanimously affirmed with costs. Memorandum: On May 25, 1981, plaintiff Catherine Ann Romano lost control of her automobile while driving on St. Paul Boulevard, Irondequoit, New York. At the scene of the accident, defendant Rochester Gas & Electric Corporation (RG&E) maintained three shutoff valves, which were imbedded in the roadway and which were covered by steel plates. At the time of the accident, the roadway was in poor condition, and the plates covering RG&E's valves were in depressions below the roadway. In denying RG&E's motion for summary judgment, Special Term properly found a question of fact whether RG&E had constructive notice of the condition of the area around its valves. The condition had existed for at least a year prior to the accident and RG&E's maintenance and inspection procedures were allegedly deficient under applicable Public Service Commission regulations.

We also reject RG&E's contention that it had no duty to ensure that its valve covers were even with the surrounding pavement. As a utility making special use of a public way, RG&E had a duty to use reasonable care to prevent its use from adversely affecting the public road (see, D'Ambrosio v City of New York, 55 NY2d 454, 462-463; Lane v Epstein's Edco Process Dry Cleaners Co., 11 NY2d 255, 257-258; Mahar v City of Albany, 303 NY 825; Filsno v City of Rochester, 10 AD2d 663; Weiser v City of New York, 5 AD2d 702, affd 7 NY2d 811). This duty includes ensuring that the valves and valve covers did not contribute to a dangerous condition in the road as well as keeping the valves and covers themselves in good condition. (Appeal from order of Supreme Court, Monroe County, Provenzano, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.