■ ANNA GIAMBRONE et al., Respondents, v NEW YORK YANKEES, by GEORGE STEINBRENNER as General Partner, Appellant.—Order of the Supreme Court, Bronx County (Anita Florio, J.), entered July 18, 1991, which denied defendant's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff Anna Giambrone alleges that she slipped and fell on refuse while walking near refreshment and souvenir stands in Yankee Stadium. Although an accident report, made that same day by defendant's employees and signed by plaintiff, indicates that she slipped on a piece of paper, both at her examination before trial and in her affidavit in opposition to defendant's motion for summary judgment, plaintiff stated that she slipped on a paper cup and a frankfurter which, upon examination, appeared to be crushed and dirty.

Defendant moved for summary judgment, contending that

there is no evidence that it had notice of the debris on which plaintiff fell. In support of its position, defendant relies on *Gordon v American Museum of Natural History* (67 NY2d 836), which held that, where the plaintiff slipped on wax paper from a concession stand located between two tiers of steps, neither a general awareness of litter in the area nor the fact that plaintiff observed other papers on other steps approximately 10 minutes before his fall was sufficient to establish notice of the particular piece of paper on which plaintiff slipped.

Plaintiff argues that the instant case is distinguishable in that, unlike the plaintiff in *Gordon (supra)*, she described the debris on which she fell as crushed and dirty, suggesting that it had been there for a substantial period of time. Moreover, plaintiff indicated that the litter in the area had not been removed since the seventh inning. This, plaintiff argues, together with evidence that only 14 persons were assigned to clean the entire arena during game time, suggests that the debris was permitted to remain on the ground for a substantial period and raises a triable issue of fact regarding defendant's notice of the condition.

Summary judgment was properly denied. The general rule is that "for a landlord to be held liable for a defective condition upon the premises he must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it" *(Putnam v Stout*, 38 NY2d 607, 612). As we stated in *Kelsey v Port Auth.* (52 AD2d 801), "Where the defendant causes or permits a temporary slippery condition to exist, there may be liability—which issue is for the jury to decide". Where "[t]he record contains some evidence tending to show that defendant had constructive notice of a dangerous condition which allegedly caused injuries to its customer", a prima facie case is made out *(Negri v Stop & Shop*, 65 NY2d 625, 626). Only where the record is "palpably insufficient" to establish actual or constructive notice "that the condition existed for a sufficient period to afford the [defendant], in the exercise of reasonable care, an opportunity to discover and correct it" can it be said that there is no factual issue to submit to the trier of fact *(Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 251, *affd* 64 NY2d 670). Thus, where the plaintiff alleged that he tripped on a piece of paper, the case should not have been submitted to a jury on the theory of actual or constructive notice where the trial record contained "no evidence that anyone, including plaintiff, observed the piece of white paper

prior to the accident" *(Gordon v American Museum of Natural History, supra,* at 838).

In this case, plaintiff alleges that she observed litter on the walkway in the vicinity of a refreshment stand during the seventh inning and that the condition of the area remained unchanged at the time she fell which, according to defendant's reply affidavit, was "several innings" later. This matter is factually similar to *Kelsey v Port Auth. (supra,* at 801) in which the plaintiff "testified that she saw cigarette butts, paper cups and wetness on two steps of the stairway the first time she descended, but on her second descent some 15 to 20 minutes later, she stepped on something that slipped, causing her to fall". This court concluded that, "[a]lthough plaintiff was unable to specify the precise condition which caused her fall, the jury could reasonably infer that the condition present when she first descended the stairway remained unchanged for 15 to 20 minutes and was the proximate cause of the fall (see *Gramm v State of New York,* 28 AD2d 787, affd 21 NY2d 1025)" *(supra,* at 801).

The record in this case is sufficient to raise an issue with respect to defendant's constructive notice of the defective condition alleged to have caused plaintiff's injury, requiring its submission to the trier of fact. In this regard, any asserted inconsistency in plaintiff's account of events and the accident report bearing her signature, together with the question of her comprehension of written English, merely present issues of fact for resolution at trial *(Silva v 81st St. & Ave. A Corp.,* 169 AD2d 402, *lv denied* 77 NY2d 810).

The unpublished order of this court entered herein on February 18, 1992 is hereby recalled and vacated. Concur— Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.