■ HEIDA MARTINEZ, Respondent, v 2407 MORRIS ASSOCI-
ATES, Appellant.—Order, Supreme Court, Bronx County (How-
ard R. Silver, J.), entered January 31, 1992, which, insofar as
appealed from, denied defendant's motion for summary judg-
ment dismissing the complaint, unanimously affirmed, with
costs.

Plaintiff stipulated to provide a supplemental bill of particu-
lars within 10 days after completion of depositions. Plaintiff
failed to comply with the stipulation, serving the supplemen-
tal bill of particulars some four months late as part of her
opposition papers to defendant's instant motion.

Since the stipulation did not set forth a penalty for non-
compliance, the remedy for its violation by plaintiff was
within the IAS Court's discretion. We cannot say that such

discretion was abused. Pleadings may be amended even at or after trial, absent surprise or prejudice (CPLR 3025 [b]; *Brewster v Baltimore & Ohio R. R. Co.*, 185 AD2d 653). Given the lack of questioning at the initial examination before trial with regard to notice, the grant of leave for a further examination on this issue, the palpable lack of prejudice to defendant, and the pre-trial posture of the action, the extreme sanction sought by defendant was clearly unwarranted.

Concerning the credibility of plaintiff's affidavit, it is not so contrary to human experience as to be incredible as a matter of law. Whether plaintiff is credible in asserting that she saw the condition on the steps three days before her accident is for the jury to determine at trial *(Giambrone v New York Yankees,* 181 AD2d 547). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.