■ TANYA DALBY, Appellant, v COUNTY OF SARATOGA, Respondent, et al., Defendant. [614 NYS2d 658] —Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered October 12, 1993 in Saratoga County, which granted defendant County of Saratoga's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff brought this action to recover for personal injuries she sustained as a passenger in defendant Jeffrey A. Volz's vehicle when it went off West Milton Road in the Town of Milton, Saratoga County. Plaintiff's action against defendant County of Saratoga is based on allegations of one or more defective conditions in the road. Both constructive and actual notice of these defective conditions are claimed. The County moved for summary judgment dismissing the complaint and all cross claims against it on the grounds that it never received prior written notice of any defect in the road and because the road was not defective. Supreme Court granted the County's motion on the ground that the County did not receive the prior written notice required by Local Laws, 1985, No. 5 of the County of Saratoga (hereinafter the Local Law) and did not create or have notice of any alleged defective

condition such that prior notice was not required. Plaintiff appeals.

We reverse. The Local Law was enacted pursuant to the provisions of Highway Law § 139 (2). The Local Law requires written notice and makes no provision for the constructive notice permitted in Highway Law § 139 (2). Two issues are posed by the parties on this appeal. The first is whether constructive notice can legally satisfy the Local Law and the second is whether the County had constructive notice of the defective conditions of the highway alleged by plaintiff. The first issue raises the question of the constitutionality of the Local Law because it conflicts with Highway Law § 139 (2), which is a general law (see, NY Const, art IX, § 3 [d] [1]). The conflict arises because the Highway Law provision allows for constructive notice if the written notice is not given, but the Local Law does not so provide (see, NY Const, art IX, § 2 [c] [ii]). Despite the failure of the Local Law to so provide, the constitutionality of such a local law has been upheld by this Court by interpreting it as permitting constructive notice of any defective condition in accordance with the general law (see, *Carlino v City of Albany*, 118 AD2d 928, 929, *lv denied* 68 NY2d 606).

As to whether the County had the constructive notice permitted by Highway Law § 139 (2), we find that the affidavit of an accident reconstructionist submitted by plaintiff, which avers that the design and construction of the curve in question was negligent and existed for so long a period of time as to have been discovered and remedied in the exercise of reasonable care and diligence, raises factual issues that require trial resolution. Accordingly, the order appealed from should be reversed and the motion by the County denied.

Mercure, J. P., White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.