■ TANNER W., an Adult not Capable of Prosecuting His Rights, by EDWARD LEONE, as Guardian ad Litem, Appellant, v COUNTY OF ONONDAGA, Respondent, et al., Defendant. [639 NYS2d 598]

Memorandum: Supreme Court erred in granting the motion of defendant County of Onondaga (County) for summary judgment dismissing the complaint on the ground that it did not have prior actual or written notice of the defective roadway condition. Local Laws, 1984, No. 1 of Onondaga County provides that no action may be maintained against the County based on a highway defect unless the County Commissioner or Deputy Commissioner of Transportation had prior actual notice of the defective condition or the Clerk of the County Legislature or the Commissioner or Deputy Commissioner of Transportation received written notice of it. The record shows that defendant had neither prior actual notice nor written notice of the alleged defective condition. The local law, however, must be interpreted in conjunction with Highway Law § 139 (2) to permit an action against the County based on constructive notice of a dangerous highway condition (*see, Dalby v County of Saratoga,* 206 AD2d 722; *Bernardo v County of Nassau,* 150 AD2d 320; *Carlino v City of Albany,* 118 AD2d 928, 929-930, *lv denied* 68 NY2d 606). A municipality has such constructive notice when the dangerous condition has been "visible and apparent" and has " 'existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (*Ferris v County of Suffolk,* 174 AD2d 70, 75, *affd* 79 NY2d 1031, *rearg denied* 80 NY2d 893, quoting *Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, 357). We conclude that the affidavits of plaintiff's expert and a passenger in plaintiff's vehicle at the time of the accident, together with the testimony of County employees and photographs of the intersection, raise a triable

issue of fact whether the County had constructive notice of the dangerous condition (*see, Dalby v County of Saratoga, supra,* at 723; *Giganti v Town of Hempstead,* 186 AD2d 627, 628). Thus, we modify the order on appeal by denying the County's motion for summary judgment and reinstating the complaint.

We agree, however, with the County that plaintiff's proof failed to establish that the County affirmatively created the defective condition. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.