■ GRACE JACOBSEN, Respondent, v MICHAEL P. KRUMHOLZ et al., Defendants, and ECKERD CORPORATION, Appellant. [836 NYS2d 603]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered January 23, 2007, which denied defendant corporation's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action seeking damages for personal injuries allegedly resulting from a trip and fall on the border of a parking lot surface and the adjoining sidewalk, there were triable issues of fact as to whether the defect was trivial and as to whether defendant had constructive notice. The photographs depicted a lengthy irregular depression with a jagged edge (*see Argenio v*

*Metropolitan Transp. Auth.*, 277 AD2d 165, 166 [2000]), and, although there were no adverse weather or lighting conditions at the time of plaintiff's accident, and the area was not crowded, plaintiff testified at her deposition that she was concerned with vehicles entering and exiting the lot and therefore could not have been expected to be looking downward (*see George v New York City Tr. Auth.*, 306 AD2d 160 [2003]). The store manager's testimony regarding his lack of actual notice notwithstanding, plaintiff's testimony that the defect was of long duration, as well as the photographs, support an inference that the complained-of condition was not suddenly created and raise a triable issue as to whether defendant could have obtained timely knowledge of it by the exercise of ordinary care (*see Denyssenko v Plaza Realty Servs., Inc.*, 8 AD3d 207 [2004]). Under the circumstances, defendant's expert affidavit would not have changed the outcome, and it is unnecessary to address whether the affidavit was properly rejected. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.