■ FILIP DI SANZA, Appellant, v CITY OF NEW YORK et al., Defendants and CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. [851 NYS2d 35]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered May 22, 2006, which, to the extent appealed from, as limited by the briefs, granted the motion of defendant Consolidated Edison Company of New York (Con Ed) for summary judgment dismissing the complaint as against it, affirmed, without costs.

Con Ed established its prima facie entitlement to summary judgment by demonstrating that it neither created nor had actual or constructive notice of the defect in its metal grating upon which plaintiff allegedly tripped (*see Resto v 798 Realty, LLC*, 28 AD3d 388 [2006]). Con Ed satisfied its burden by submitting the uncontested testimony of an employee that he inspected the grate less than five months before the accident and found no defect.

None of the submissions of plaintiff in opposition created an issue of fact. The photograph of the grate, taken after the accident, does not indicate a condition that must have been of long duration (*compare Jacobsen v Krumholz*, 41 AD3d 128 [2007] [photographs and plaintiff's testimony supported an inference that the defect was not suddenly created]).

The five work permits for the vicinity of the grate, for work that may or may not have been performed, all predated the October 29, 2002 inspection in which the Con Ed employee ascertained that there were no defects, which inspection, as noted, predated the accident by less than five months.

Plaintiff's expert did not dispute the Con Ed employee's testimony; rather, the expert stated that the defect could have been caused by constant opening and closing of the grate and that the grate should have been inspected every three months.

Thus, the expert tacitly accepted the assertion of Con Ed's employee that there was no defect at the time of the inspection. The expert's speculation as to the cause of the defect and the adequacy of Con Ed's inspection schedule is insufficient to raise a triable issue of fact, because there is no evidence that Con Ed returned to work at the site after October 29, 2002 or that anyone ever reported or noticed a condition before the accident (*see Butler-Francis v New York City Hous. Auth.*, 38 AD3d 433 [2007]). Concur—Friedman, Marlow and Buckley, JJ.

Lippman, P.J., and Mazzarelli, J., dissent in a memorandum by Mazzarelli, J., as follows: I would reverse the order appealed and reinstate the complaint. Plaintiff was injured on March 19, 2003 when he allegedly tripped and fell over a raised metal sidewalk grating. The grating covered a vault containing a transformer owned and maintained by Con Edison. Con Edison had a duty to maintain the subject grating in a reasonably safe condition based on its special use of the sidewalk and as the owner of the grating (*see Posner v New York City Tr. Auth.*, 27 AD3d 542 [2006]; *Ausderan v City of New York*, 219 AD2d 562 [1995]; *Romano v County of Monroe*, 149 AD2d 952 [1989]; Rules of City of NY Dept of Transp [34 RCNY] § 2-07 [b]).

To be entitled to summary judgment, Con Edison was required to demonstrate that as a matter of law it did not create the defect which allegedly caused the plaintiff to trip and that it lacked actual or constructive notice of the defect (*see Ron v New York City Hous. Auth.*, 262 AD2d 76 [1999]). Con Edison has failed to carry its prima facie burden (*see id.*).

The deposition testimony of its operating supervisor that the condition was created by a large truck was admittedly "supposition." Con Edison has also failed to demonstrate that it lacked constructive notice of the defect. The majority would accept Con Edison's argument that it lacked constructive notice because an inspection of the grating approximately five months prior to the accident revealed no defects in the grating. However, Con Edison's burden regarding constructive notice was to show that the condition did not exist for sufficient duration that, in the exercise of reasonable care, it should have corrected it (*see Giambrone v New York Yankees*, 181 AD2d 547, 548 [1992]). Con Edison's inspection report, by itself, is insufficient to meet that burden, without some other evidence that five months was not a long enough period of time for the defect to have come into existence and to have been discovered in the exercise of due care. I note that Con Edison's internal rules requiring yearly inspections of the grating appear to conflict with the Rules of the Department of Transportation, which require owners of

sidewalk gratings to "monitor[ ]" the condition of gratings to ensure that, inter alia, they are flush with the surrounding surface (34 RCNY 2-07 [b]). The use of the word "monitoring", although undefined in the Rules, suggests that an inspection frequency of once a year or even once every five months is insufficient. The need for more frequent inspections of sidewalk gratings is further suggested by the testimony of Con Edison's operating supervisor that heavy vehicles "very often" jump the sidewalk and drive over the gratings.

Moreover, plaintiff created an issue of fact by presenting photographs of the defect, taken within one week of the accident, from which a jury could infer that the condition was not suddenly created (*see Jacobsen v Krumholz*, 41 AD3d 128, 129 [2007]; *Denyssenko v Plaza Realty Servs., Inc.*, 8 AD3d 207, 208 [2004]). I discern no basis for the majority's conclusion that the condition of the grating depicted in plaintiff's photographs was not of long duration.