HELENE MOXEY, Respondent, v COUNTY OF WESTCHESTER, Appellant. [883 NYS2d 80]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered May 8, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained personal injuries when she drove her car over a large tree limb which had fallen onto the northbound roadway of the Bronx River Parkway, in the vicinity of the Ardsley Road overpass, on the afternoon of September 8, 2004, a day marked by heavy rainfall in the area of the accident.

After the plaintiff commenced this action, the defendant moved for summary judgment dismissing the complaint on the ground that it lacked prior written notice or constructive notice of the roadway obstruction. Section 780.01 of the Westchester County Code requires prior written notice of a defect before a civil action may be maintained against the County for injuries sustained as a result of a defect on a public street or highway (*see Phillips v County of Nassau,* 50 AD3d 755, 756 [2008]). Here, the affidavits of the defendant's employees Tina Seckerson and Ralph Butler established prima facie that the defendant did not have prior written notice of the downed tree limb on the roadway at the Ardsley overpass location. The evidence which the plaintiff submitted in opposition failed to raise a triable issue of fact (*see* CPLR 3212 [b]). However, Highway Law § 139 (2) allows for tort recovery for dangerous highway conditions, where, in the absence of prior written notice, "such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence." Thus, liability may be imposed on the defendant, even in the absence of prior written notice, for dangerous highway conditions of which it had constructive notice (*see Phillips v County of Nassau* at 756). The deposition testimony of road foreman Joseph Rauso, which the defendant submitted in support of its motion, indicated that, on an ordinary day, in the course of his patrols, he would drive past the subject location three or four times, over a seven-hour period, and that he did not recall observing any downed tree limbs, when he did so, on September 8, 2004. This evidence established, prima facie, that the defendant did not have constructive notice of the downed tree limb at the Ardsley overpass location. In opposition, the plaintiff again failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.