■ JAMES F. LOUGHREN, Appellant, v COUNTY OF ULSTER, Respondent. [906 NYS2d 384]—

Kavanagh, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered April 22, 2009 in Ulster County, which granted defendant's motion for summary judgment dismissing the amended complaint.

Plaintiff commenced this action against defendant, alleging that it was negligent in maintaining a portion of Mohonk Road in the Village of High Falls, Ulster County where he fell after stepping in a hole that was located on the shoulder of the roadway. After discovery was complete, defendant moved for summary judgment dismissing the complaint because written notice of the defect as required by a local law had not been served on it prior to plaintiff's accident (*see* Local Law No. 6 [1980] of County of Ulster; *see also* Highway Law § 139).[1] While conceding that such notice had not been provided, plaintiff argued that defendant had constructive notice that a hole

of her employment. Later, she claimed that she never held an officer position in the corporation.

1. The local law in question reads: "No civil action shall be maintained against the County of Ulster for damages or injuries to person or property sustained in consequence of any road, street, highway . . . being defective, out of repair, unsafe, dangerous, or obstructed . . . unless at least forty-eight (48) hours prior to the occurrence resulting in such damage or injuries written notice of the defective, unsafe, dangerous and/or obstructed condition . . . shall have been filed in the Office of the Clerk of the Ulster County Legislature, and there was a failure or neglect to remedy or remove the defect, danger or obstruction within a reasonable time after the filing of such notice."

existed in the shoulder of the highway before his accident and, as such, service of written notice of the defect was not required (*see* Highway Law § 139 [2]). Supreme Court granted defendant's motion, prompting this appeal. We affirm.

Even if a local law exists requiring prior written notice of a defect, a civil action may be commenced absent such notice against a municipality for injuries resulting from a defect in a highway under its care if the "defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Highway Law § 139 [2]; *see Napolitano v Suffolk County Dept. of Pub. Works*, 65 AD3d 676, 677 [2009]; *Phillips v County of Nassau*, 50 AD3d 755, 756 [2008]; *Duger v Estate of Carey*, 295 AD2d 878, 878 [2002]; *DeHoust v Aakjar*, 290 AD2d 927, 927 [2002], *lv dismissed* 98 NY2d 692 [2002]).

Here, as previously noted, plaintiff acknowledges that defendant did not receive written notice of the existence of the defect prior to his accident, but claims that a photograph establishes that the hole in the shoulder of the highway existed for a significant period of time prior to his fall and, if the road had been properly maintained, the hole would have been discovered and repaired before the accident occurred. In response, defendant submitted deposition testimony of a Highway Department official who stated that he had inspected the roadway where the fall is alleged to have occurred each week for the entire year immediately prior to plaintiff's accident and never saw the hole as depicted in the photograph or any other defect in that area of the roadway (*see Moxey v County of Westchester*, 63 AD3d 1124, 1125 [2009]; *Appelbaum v County of Sullivan*, 222 AD2d 987, 988 [1995]; *see also Goldburt v County of Nassau*, 307 AD2d 1019, 1020 [2003], *lv denied* 1 NY3d 504 [2003]). In addition, plaintiff has not established that the photograph accurately reflected the condition or the configuration of the hole as it existed at the time of his accident or when, in fact, the photograph was actually taken.[2] More importantly, the photograph, as the only evidence submitted by plaintiff as to the size and condition of the defect, does not, in our view, establish that the hole existed for a sufficient period of time prior to the accident to have allowed defendant an adequate opportunity to discover it and take steps necessary to remedy the condition (*see Di Sanza v City of New York*, 11 NY3d 766, 767 [2008];

---

2. The record does not include an answer to a question put to plaintiff at the General Municipal Law § 50-h hearing as to when the photograph was taken.

*compare Tanner W. v County of Onondaga*, 225 AD2d 1074, 1074-1075 [1996]). Simply stated, the evidence plaintiff submitted—or the lack thereof—did not serve to establish that a question of fact exits as to whether defendant had constructive notice of the hole along the highway prior to this accident. As such, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.