■ CARL RAUSCHENBACH, Appellant, v COUNTY OF NASSAU, Respondent, et al., Defendant. [9 NYS3d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered November 21, 2013,

as granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

On May 31, 2009, the plaintiff allegedly fell when his bicycle made contact with a pothole on a road maintained by the County of Nassau. The plaintiff later commenced this action to recover damages for personal injuries against the County, among others. The plaintiff appeals from so much of an order of the Supreme Court as granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Notwithstanding the existence of a prior written notice statute, a County may be liable for an accident caused by a defective highway condition where the County has constructive notice of the condition (*see* Highway Law § 139 [2]; *Napolitano v Suffolk County Dept. of Pub. Works,* 65 AD3d 676, 677 [2009]; *Moxey v County of Westchester,* 63 AD3d 1124, 1125 [2009]; *Phillips v County of Nassau,* 50 AD3d 755, 756 [2008]). Here, the County submitted the deposition testimony of a County employee who stated that he inspected the roadway where the fall is alleged to have occurred every Monday through Friday until the week before the accident, and did not observe any potholes. This was sufficient to establish, prima facie, that the County lacked constructive notice of the alleged defect (*see Loughren v County of Ulster,* 75 AD3d 976, 977 [2010]; *Moxey v County of Westchester,* 63 AD3d at 1125; *Appelbaum v County of Sullivan,* 222 AD2d 987, 988 [1995]). However, in opposition to the County's motion, the plaintiff submitted the affidavit of an expert who inspected the subject roadway and opined that the defect was in existence for at least four months prior to the accident. This affidavit was sufficient to raise a triable issue of fact as to whether the County had constructive notice of the alleged defect by virtue of the fact that it existed for so long a period that it should have been discovered and remedied in the exercise of reasonable care and diligence (*see* Highway Law § 139 [2]; *Tanner W. v County of Onondaga,* 225 AD2d 1074, 1074-1075 [1996]; *Dalby v County of Saratoga,* 206 AD2d 722, 723 [1994]).

Accordingly, the Supreme Court should have denied that branch of the County's motion which was for summary judg-

ment dismissing the complaint insofar as asserted against it. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.