Vaisman v Village of Croton-on-Hudson (2022 NY Slip Op 05885)

Vaisman v Village of Croton-on-Hudson

2022 NY Slip Op 05885

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-05112
 (Index No. 50181/20)

[*1]Mauro Vaisman, et al., plaintiffs-respondents,
v
Village of Croton-on-Hudson, appellant, Dennis J. Willette, Jr., et al., defendants-respondents.

Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Gerber Ciano Kelly Brady LLP [Brendan T. Fitzpatrick], of counsel), for appellant.
Braverman Greenspun, P.C., New York, NY (Jonathan Kolbrener of counsel), for plaintiffs-respondents.
Fino Werbel & Toker, LLP, New York, NY (Shelly K. Werbel of counsel), for defendants-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Village of Croton-on-Hudson appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 15, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
On April 13, 2019, the plaintiff allegedly tripped and fell over a height differential between two sidewalk slabs in the Village of Croton-on-Hudson. The injured plaintiff, and his spouse suing derivatively, commenced this action against the Village and the owners of the property adjacent to the location where the accident occurred, Dennis J. Willette, Jr., and Anamika Bhatnagar. By order dated June 15, 2020, the Supreme Court denied the Village's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Village appeals.
"Where . . . a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Palka v Village of Ossining, 120 AD3d 641, 641; see Amabile v City of Buffalo, 93 NY2d 471, 474). "The purpose of a prior written notice provision is to place a municipality on notice that there is a defective condition on publicly-owned property which, if left unattended, could result in injury. This ensures that a municipality, which is not expected to be cognizant of every crack or defect within its borders, will not be held responsible for injury from such defect unless given an opportunity to repair it" (Gorman v Town of Huntington, 12 NY3d 275, 279; see Poirier v City of Schenectady, 85 NY2d 310, 314).
Code of the Village of Croton-on-Hudson (hereinafter Village Code) § 197-28, [*2]entitled "Prior written notice required for civil actions," provides: "No civil action shall be maintained against the Village of Croton-on-Hudson for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition or of the existence of the snow or ice, relating to the particular place, was actually given to the Village Clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of or to cause the snow or ice to be removed or the place to be otherwise made reasonably safe."
There are two "recognized exceptions to the [prior written notice] rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728).
To establish prima facie entitlement to judgment as a matter of law, the defendant municipality must show, prima facie, the lack of prior written notice; once the defendant establishes that it lacks prior written notice, the burden then shifts to the plaintiff to demonstrate either that a question of fact exists in that regard or that one of the exceptions applies (see Grominger v Village of Mamaroneck, 17 NY3d 125, 129; see Smith v City of New York, _____ AD3d _____, 2022 NY Slip Op 05226 [2d Dept]; Thompson v Nassau County, 200 AD3d 823, 825).
Here, the Village failed to show, prima facie, that it did not receive prior written notice of the alleged condition. The Village Code includes provisions establishing a "Sidewalk Improvement Program" that was enacted in 2015 (see Village Code §§ 197-32, 197-33, 197-34), subsequent to the enactment of the section of the code that addresses the requirement of prior written notice for civil actions (see id. § 197-28). Pursuant to the "Sidewalk Improvement Program," an owner of property that abuts a public street may report to the Village a defective area of sidewalk caused by the roots of a street tree (see id. §§ 197-32, 197-33, 197-34). The Code provides that the owner may make application to the Village requesting that the sidewalk be repaired or replaced (see id. § 197-33). The Village published a form application for this Sidewalk Improvement Program; that form application includes the letterhead and address of the Village Engineering Department.
Willette submitted to the Village an application dated August 29, 2016, for inclusion in this Sidewalk Improvement Program. Willette subsequently sent several follow-up emails to the Village Engineer/Building Inspector, who responded that the sidewalk area at issue was slated for repair in approximately Spring of 2019.
Under these circumstances, where subsequent to the enactment of the prior written notice section of the code which provides for notice to be "given to the Village Clerk," the Village enacted the "Sidewalk Improvement Program" which specifically provides that application for repair and replacement of damaged sidewalks caused by street trees may be provided to the Village, the Village failed to demonstrate, prima facie, that it did not receive prior written notice of the alleged defective condition (see id. §§ 197-28, 197-32, 197-33, 197-34; see also Downing v J. Anthony Enters., Inc., 189 AD3d 1541, 1542-1543; Delaney v Town of Islip, 63 AD3d 658, 659-660).
Accordingly, the Supreme Court properly denied the Village's motion.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court