Discepolo v County of Nassau (2024 NY Slip Op 01794)

Discepolo v County of Nassau

2024 NY Slip Op 01794

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-04248
 (Index No. 600102/22)

[*1]Barbara Discepolo, et al., appellants,
v
County of Nassau, defendants, et al., Town of Hempstead, respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn, Nicholas S. Bruno, and Ross Friscia], of counsel), for appellants.
Jaspan Schlesinger Narendran LLP, Garden City, NY (Christopher E. Vatter and Scott B. Fisher of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered May 9, 2022. The order, insofar as appealed from, upon, in effect, converting that branch of the defendant Town of Hempstead's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it into one for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 9, 2020, the plaintiff Barbara Discepolo (hereinafter the injured plaintiff) allegedly was injured when she fell on a sidewalk in Nassau County due to a defective condition on the sidewalk. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant Town of Hempstead, among others, inter alia, to recover damages for personal injuries. The defendant Town of Hempstead moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it, or in the alternative, pursuant to CPLR 3211(c) for summary judgment dismissing the complaint insofar as asserted against it. By order entered May 9, 2022, the Supreme Court, among other things, upon, in effect, converting that branch of the Town's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it into one for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion. The plaintiffs appeal.
"'Where . . . a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Vaisman v Village of Croton-on-Hudson, 209 AD3d 920, 921, quoting Palka v Village of Ossining, 120 AD3d 641, 641). "'The purpose of a prior written notice provision is to place a municipality on notice that there is a defective condition on publicly-owned property which, if left unattended, could result in injury. This ensures that a municipality, which is not expected to be cognizant of every crack or defect within its borders, will not be held responsible for injury from such defect unless given an opportunity to repair it'" (Vaisman v Village of Croton-on-Hudson, 209 AD3d at 921, quoting Gorman v Town of Huntington, 12 NY3d 275, 279). "'To establish prima facie entitlement to judgment as a matter of law, the defendant municipality must show, prima facie, the lack of prior written notice; once the defendant establishes that it lacks prior written notice, the burden then shifts to the plaintiff to [*2]demonstrate either that a question of fact exists in that regard or that one of the exceptions applies'" (Morejon v New York City Tr. Auth., 216 AD3d 134, 137, quoting Vaisman v Village of Croton-on-Hudson, 209 AD3d at 922; see Smith v City of New York, 210 AD3d 53).
Town of Hempstead Code § 6-3 provides that "[n]o civil action shall be maintained against the Town of Hempstead for injuries or damages to persons or property sustained by reason of any defect or obstruction whatsoever in its . . . sidewalks, walkways, footpaths or bicycle pathways or for injuries or damages to persons or property sustained by reason of any defect or obstruction in its . . . sidewalks, walkways, footpaths or bicycle pathways unless . . . written notice of, by the witness to, said defect or obstruction causing the injuries or damages was actually served upon the Town Clerk or Town Commissioner of Highways in accordance with § 6-4 hereof" prior to the accident (see Town Law § 65-a[2]).
The Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating, through the submission of an affidavit of its representative, that upon a search of relevant municipal records, the Town had not received prior written notice of the alleged defective condition of the sidewalk as required by section 6-3 of the Town of Hempstead Code. In opposition, the plaintiffs failed to raise a triable issue of fact (see Parker v City of Yonkers, 212 AD3d 643, 643-644; Wolin v Town of N. Hempstead, 129 AD3d 833, 834-835).
Accordingly, the Supreme Court properly, upon, in effect, converting that branch of the Town's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it into one for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion.
In light of our determination, the Town's remaining contention need not be reached.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court