Gass v County of Rockland (2025 NY Slip Op 03796)

Gass v County of Rockland

2025 NY Slip Op 03796

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-06968
 (Index No. 30099/19)

[*1]Alan Gass, etc., respondent-appellant, 
v
County of Rockland, et al., appellants-respondents.

Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Mathew T. Dudley, and Brian Ginsberg of counsel), for appellants-respondents County of Rockland and County of Rockland Highway Department.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin of counsel), for appellant-respondent Orange and Rockland Utilities, Inc.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Alak Shah of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants County of Rockland and County of Rockland Highway Department appeal, the defendant Orange and Rockland Utilities, Inc., separately appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated September 2, 2020. The order, insofar as appealed from by the defendants County of Rockland and County of Rockland Highway Department, denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them. The order, insofar as appealed from by the defendant Orange and Rockland Utilities, Inc., denied its motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. The order, insofar as cross-appealed from, upon denying the motion of the defendants County of Rockland and County of Rockland Highway Department for summary judgment dismissing the amended complaint insofar as asserted against them, made certain findings of fact and conclusions of law.
ORDERED that the cross-appeal is dismissed, as the plaintiff is not aggrieved by the order appealed from (see CPLR 5511; Snow v Interfaith Med. Ctr., 227 AD3d 1032, 1033; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.
In September 2017, the plaintiff was riding a bicycle on Western Highway in Rockland County when he allegedly struck a pothole located in the roadway around two gas utility covers owned by the defendant Orange and Rockland Utilities, Inc. (hereinafter O & R). The plaintiff commenced this personal injury action against the defendants County of Rockland and County of Rockland Highway Department (hereinafter the Highway Department and, together with the County, [*2]the County defendants), and O & R. The County defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, and O & R moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. In an order dated September 2, 2020, the Supreme Court denied the motions. The County defendants and O & R separately appeal.
The Supreme Court properly denied the County defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them. "It has long been established that a governmental body, be it the State, a county or a municipality, is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition, and that liability will flow for injuries resulting from a breach of the duty" (Lopes v Rostad, 45 NY2d 617, 623). "Because the duty is nondelegable, even if the dangerous condition of the road, which caused the injury, is created by an independent contractor, the obligation imposed on the governmental body nevertheless remains fixed" (id.).
"Under Highway Law § 139(2), a county can enact a prior written notice statute that provides that it may not be subjected to liability for injuries caused by an improperly maintained highway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d 676, 677; see Gold v County of Westchester, 15 AD3d 439, 440). "However, the statute also provides that, as a matter of law, constructive notice of a highway defect, except in the case of snow and ice, is an exception to any such prior written notice requirement, irrespective of whether or not the local statute provides for such an exception" (Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677; see Moxey v County of Westchester, 63 AD3d 1124, 1125). "To establish prima facie entitlement to judgment as a matter of law, the defendant municipality must show, prima facie, the lack of prior written notice; once the defendant establishes that it lacks prior written notice, the burden then shifts to the plaintiff to demonstrate either that a question of fact exists in that regard or that one of the exceptions applies" (Vaisman v Village of Croton-on-Hudson, 209 AD3d 920, 922; see Smith v City of New York, 210 AD3d 53).
Here, in accordance with the provisions of Highway Law § 139(2), the County enacted a prior written notice statute (see Rockland County Code § 327-1). That prior written notice statute provides an exception where the County has constructive notice of the alleged defect (see id. § 327-1[B]). The parties do not dispute that no prior written notice of the alleged defect existed. Rather, the County defendants contend, inter alia, that the Supreme Court erred in determining that a triable issue of fact exists as to whether they had constructive notice of the alleged defect.
A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Arbit v Costco Wholesale Corp., 230 AD3d 1089, 1090; see also Rockland County Code § 327-1[B]). Here, the Supreme Court correctly concluded that, although a road foreman for the Highway Department stated in an affidavit that he inspected all of the County's roads for defects on a regular basis, such a routine, generalized inspection, standing alone, does not justify a finding of constructive notice (see Morzello v Village of Briarcliff Manor, 260 AD2d 611, 612). Nonetheless, the plaintiff submitted an affidavit of an expert who opined that the alleged defect existed for several years prior to the accident. The record reflects that the word "SCHOOL" had been painted directly over the alleged defect, and the Highway Department's deputy superintendent of highways testified at his deposition that the County repainted the word "SCHOOL" on a yearly basis, suggesting that a more specific inspection of the subject area had been performed by the County while the defect allegedly existed. Thus, under these circumstances, the plaintiff raised a triable issue of fact as to whether the County defendants had constructive notice of the alleged defect "by virtue of the fact that it existed for so long a period that it should have been discovered and remedied in the exercise of reasonable care and diligence" (Rauschenbach v County of Nassau, 128 AD3d 661, 662).
The County defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly denied the County defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
The Supreme Court also properly denied O & R's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. As a utility making special use of a public way, O & R had a duty to ensure that its valves and utility covers did not contribute to a dangerous condition in the roadway at issue, as well as to keep the valves and utility covers themselves in good condition (see Romano v County of Monroe, 149 AD2d 952; see also D'Ambrosio v City of New York, 55 NY2d 454, 462-463). Contrary to O & R's contention, the court properly concluded that O & R owed a duty to the plaintiff in this case (see Romano v County of Monroe, 149 AD2d at 952) and that there were triable issues of fact as to whether O & R had constructive notice of the alleged defect surrounding its utility covers (see Wendy-Geslin v Oil Doctors, 226 AD3d 727, 730; Trela v City of Long Beach, 157 AD3d 747, 749). Namely, O & R's claims manager testified at his deposition that O & R employees had visited the site of the accident on a yearly basis to perform tests, and the plaintiff's expert opined that the defect existed for several years before the accident.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court