■ ROSE DEHOUST, Appellant, v MARK AAKJAR et al., Defendants, and COUNTY OF COLUMBIA, Respondent. [736 NYS2d 809] —Mugglin, J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 5, 2001 in Columbia County, which, inter alia, granted defendant County of Columbia's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff tripped and fell in a pothole on the shoulder of Columbia County Route 7A. Supreme Court, relying on the holding in *Amabile v City of Buffalo* (93 NY2d 471), granted a motion by defendant County of Columbia for summary judgment predicated on the absence of a prior written notice of the defect as required by Columbia County Code § 280-1. Supreme Court, as a consequence, denied plaintiff's cross motion to dismiss this affirmative defense. Plaintiff appeals.

Prior to *Amabile v City of Buffalo* (*supra*), this Court had consistently held, in considering the conflict between such local laws enacted by a *county* and Highway Law § 139 (2), which permits proof of constructive notice of a defect in the absence of a written notice, that since Highway Law § 139 (2) is a general law (*see,* NY Const, art IX, § [3] [d] [1]), the local laws are constitutional only by interpreting them as permitting constructive notice of any defective condition (*see, Appelbaum v County of Sullivan,* 222 AD2d 987; *Dalby v County of Saratoga,* 206 AD2d 722; *Carlino v City of Albany,* 118 AD2d 928, 929, *lv denied* 68 NY2d 606). The County's reliance on *Amabile* as having changed the holdings in these cases is misplaced.

In *Amabile,* the Court of Appeals reviewed a valid legislative enactment of the City of Buffalo—requiring prior written notice which contained no constructive notice provision—and refused to ingraft a constructive notice exception on the prior written notice enactment. In so doing, the Court noted that "[t]he Legislature has made plain its judgment that the municipality should be protected from liability in these circumstances until it has received written notice of the defect or obstruction" (*Amabile v City of Buffalo, supra* at 476). In contrast, the Legislature, in enacting Highway Law § 139 (2) as it applies to county highways, specifically included a constructive notice provision* making the legislative judgment plain that constructive notice is available to a plaintiff injured

---

* Highway Law § 139 (2), after providing that a county may enact a local law prohibiting the maintenance of a civil action in the absence of prior written notice and a reasonable time thereafter to make repairs, states that "or, in the absence of such notice, unless such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have

by a defective condition in a county's highway. The County's local law cannot supersede this general law (*see*, NY Const, art IX, § [3] [d] [1]; *Kamhi v Town of Yorktown*, 74 NY2d 423). Further, Highway Law § 139 (2) is inapplicable to cities and was thus not considered by the Court of Appeals in deciding *Amabile v City of Buffalo* (*supra*).

We also find that plaintiff has submitted sufficient evidence to raise a question of fact for trial with respect to constructive notice to the County of the defect. This evidence includes observations on many occasions by the County's assistant civil engineer of the defect which caused or contributed to plaintiff's accident, and the observation of the County's road supervisor that cracks in the blacktop and standing water in potholes on the shoulder of the road in the vicinity where plaintiff fell were there on nearly a daily basis and that the county work crews on numerous occasions over the preceding five-year period patched potholes in the area where plaintiff fell.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant County of Columbia; motion denied; and, as so modified, affirmed.

been discovered and remedied in the exercise of reasonable care and diligence."