■ CREIGHTON PHILLIPS, Appellant, v COUNTY OF NASSAU, Respondent. [856 NYS2d 172]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Feinman, J.), dated November 14, 2006, which granted the defendant's motion made at the close of the plaintiff's case pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the defendant did not have prior written notice of the alleged defect as required by Nassau County Administrative Code § 12-4.0 (e) (L 1939, chs 272, 701-709, as amended), and (2) a judgment of the same court dated December 27, 2006, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion pursuant to CPLR 4401 is denied, the complaint is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On the morning of May 4, 2003 the plaintiff, an avid bicyclist, participated in a noncompetitive, recreational bicycle ride with about eight or nine other riders. While riding his bicycle on a public roadway in Nassau County, the plaintiff's tire hit a raised concrete mound or mounds, causing him to fall off his bicycle. As a result of his fall, he sustained physical injuries.

At the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that it had no prior written notice of the alleged defect as required by Nassau County Administrative Code § 12-4.0 (e). The Supreme Court granted the defendant's motion. We reverse.

Nassau County Administrative Code § 12-4.0 (e) requires prior written notice of a defect before a civil action may be maintained against the County for injuries sustained as a result of a defect on a public street or highway (see DeLuca v County of Nassau, 207 AD2d 428 [1994]). Here, it is uncontested that the defendant did not have prior written notice of the concrete mounds which were on the subject County road. However, Highway Law § 139 (2) allows for tort recovery for dangerous highway conditions where, in the absence of prior written notice, "such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence." This Court has held that the "Nassau County Administrative Code § 12-4.0 (e) should be construed in accord with Highway Law § 139 (2), which allows for tort recovery based on constructive notice where written notice is lacking" (Bernardo v County of Nassau, 150 AD2d 320 [1989]; see Nodelman v L.C.V. Realty Corp., 143 AD2d 122, 123 [1988]). Therefore, "liability may [still] be imposed on a county, even in the absence of prior written notice, for dangerous highway conditions of which the county had constructive notice" (Goldburt v County of Nassau, 307 AD2d 1019, 1020 [2003]). Since the question of whether the

defendant had constructive notice of the roadway defect was a contested factual issue which should have gone to the jury, the Supreme Court erred in granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.

On appeal, the defendant makes an alternative argument that affirmance is warranted because the plaintiff assumed the risk (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Garrett v Manaser*, 8 AD3d 616 [2004]). However, under the circumstances of this case, the doctrine of assumption of risk would not serve as a bar to the plaintiff's action (*see Moore v City of New York*, 29 AD3d 751 [2006]; *Vestal v County of Suffolk*, 7 AD3d 613 [2004]; *Berfas v Town of Oyster Bay*, 286 AD2d 466 [2001]). Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.