■ ALBERT A. NAPOLITANO et al., Respondents, v SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS et al., Appellants. [884 NYS2d 484]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1) from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated February 13, 2008, which denied their motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated July 30, 2008, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 13, 2008, is dismissed, as that order was superseded by the order dated July 30, 2008, made upon reargument; and it is further,

Ordered that the order dated July 30, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The injured plaintiff was riding his motorcycle when he allegedly rode over a pothole in the roadway, causing him to fall to the ground. The plaintiffs thereafter commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that they did not have prior written notice of the alleged defect, as required under Suffolk County Charter § C8-2A. The Supreme Court denied the motion, relying upon the amended Suffolk County Charter § C8-2 (A) (2), which was not in effect at the time of the accident, instead of its predecessor Suffolk County Charter § C8-2A. Upon reargument, the Supreme Court adhered to its original determination. We affirm.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). The failure to make such a prima facie showing requires the denial of the motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Elzer v Nassau County, 111 AD2d 212 [1985]).

Under Highway Law § 139 (2), a county can enact a prior written notice statute that provides that it may not be subjected to liability for injuries caused by an improperly maintained highway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies (see Gold v County of Westchester, 15 AD3d 439, 440 [2005]; see generally Cendales v City of New York, 25 AD3d 579 [2006]; Field v Stubelek, 238 AD2d 467 [1997]). However, the statute also provides that, as a matter of law, constructive notice of a highway defect, except in the case of snow and ice, is an exception to any such prior written notice requirement, irrespective of whether or not the local statute provides for such an exception (see Moxey v County of Westchester, 63 AD3d 1124 [2009]; Phillips v County of Nassau, 50 AD3d 755 [2008]; Duger v Estate of Carey, 295 AD2d 878 [2002]; Dalby v County of Saratoga, 206 AD2d 722 [1994]; Carlino v City of Albany, 118 AD2d 928 [1986]; see also Glaser v County of Orange, 22 AD3d 720 [2005]; Gold v County of Westchester, 15 AD3d 439 [2005]).

Here, while the defendants established their entitlement to summary judgment on the issue of prior written notice by submitting evidence that they had no prior written notice of the roadway defect that allegedly caused the accident, they failed to submit any admissible evidence on the issue of whether or not

they had constructive notice of the alleged defect. Accordingly, they failed to meet their burden of showing their entitlement to summary judgment dismissing the complaint. In light of this determination we need not examine the sufficiency of the plaintiffs' opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.