Pritzker, J.
 

 Appeal from an order of the Supreme Court (Dowd, J.), entered September 19, 2016 in Chenango County, which denied a motion by defendant County of Chenango for summary judgment dismissing the complaint against it.
 

 In August 2012, plaintiff was operating his motorcycle on a roadway owned and maintained by defendant County of Chenango (hereinafter defendant) when he lost control and was thrown off. Plaintiff commenced this action, alleging, among other things, that defendant was negligent in the design, construction and maintenance of the subject roadway. Defendant thereafter moved for summary judgment dismissing the complaint, arguing, among other things, that it had never received prior written notice of the alleged defect, as required by local law. Supreme Court denied defendant’s motion, holding that, in opposition to defendant’s motion, plaintiff established that issues of fact existed as to constructive notice and proximate cause. Defendant appeals and we affirm, albeit on somewhat different grounds.
 

 The general rule is that if a municipality enacts a prior written notice statute, unless such notice is duly furnished, “a plaintiff may not bring a civil action against a municipality for damages as the result of an injury sustained by reason of a defective . . . highway” (Smith v Village of Hancock, 25 AD3d 975, 975 [2006]; see Cornish v City of Ithaca, 149 AD3d 1321, 1322 [2017]; see also General Municipal Law § 50-e [4]). However, where Highway Law § 139 is applicable—in the case of county roads—“[e]ven if a local law exists requiring prior written notice of a defect, a civil action may be commenced absent such notice against a municipality for injuries resulting from a defect in a highway under' its care if the ‘defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence’ ” (Loughren v County of Ulster, 75 AD3d 976, 977 [2010], quoting Highway Law § 139 [2]). Thus, to establish entitlement to summary judgment, a county must show both that it received no prior written notice of the alleged defect and that it had no actual or constructive notice thereof (see Appelbaum v County of Sullivan, 222 AD2d 987, 988 [1995]; see also Cornish v City of Ithaca, 149 AD3d at 1323; Loughren v County of Ulster, 75 AD3d at 977).
 

 Although there is no dispute that defendant did not receive prior written notice of the alleged defects, defendant failed to demonstrate prima facie entitlement to summary judgment as its own submissions raise a triable issue of fact regarding constructive notice (see Rauschenbach v County of Nassau, 128 AD3d 661, 662 [2015]; Machicado v Paradise, 112 AD3d 680, 681 [2013]). In addition, these submissions raise questions about the inferiority of the road’s design and construction (see Fu v County of Washington, 144 AD3d 1478, 1479 [2016]). In particular, Shawn Fry, defendant’s Director of Public Works who oversees defendant’s Highway Department, testified to some knowledge of the subject road’s readily apparent, less than ideal surface conditions, which he suspected to have been caused by the observable increase in traffic and presence of heavy vehicles in the years leading up to the subject accident. Also, a witness to the accident, who frequently traveled the road, testified that when she would drive this section of the road, she felt the need to veer into the oncoming traffic lane to avoid road defects. Another eyewitness testified that the road at the scene was wavy and uneven. A security guard for a business located on the road near the accident site described the subject roadway defects as obvious and observable. Both Fry and Kevin Cross, the Highway Superintendent in the Town of Columbus, Chenango County, also called into question whether the materials used in constructing the subject road were satisfactory, and defendant failed to offer any evidence that the road was otherwise designed and constructed in accordance with applicable standards at the time it was built.
 

 Defendant also failed to carry its prima facie burden as to its claim that plaintiff’s intoxicated conduct was the sole proximate cause of his injuries. Three separate witnesses testified that plaintiff, while perhaps traveling in excess of the posted speed limit, was not thrown from his motorcycle until he hit the “uneven,” “wavy” section of road containing depressions or divots. As “[t]here can be more than one proximate cause of an accident” (Valiando v Catalfamo, 138 AD3d 1271, 1272 [2016] [internal quotation marks and citations omitted]), defendant’s submissions fail to demonstrate that plaintiff was the sole proximate cause of the accident here. Accordingly, Supreme Court properly denied defendant’s motion for summary judgment.
 

 Egan Jr., J.P., Lynch, Rose and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, with costs.