Perkins v County of Tompkins (2020 NY Slip Op 00337)





Perkins v County of Tompkins


2020 NY Slip Op 00337


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

528145

[*1]Kathleen Perkins, as Guardian of the Person and Property of Christopher Perkins, Respondent,
v
County of Tompkins, Appellant, et al., Defendants. (And a Third-Party Action.)

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ.


Jonathan Wood, County Attorney, Ithaca, for appellant.
Dempsey & Dempsey, Buffalo (Catherine B. Dempsey of counsel), for respondent.



Lynch, J.P.
Appeal from an order of the Supreme Court (Faughnan, J.), entered December 10, 2018 in Tompkins County, which partially denied a motion by defendant County of Tompkins for summary judgment dismissing the complaint against it.
This matter comes before us for the second time (160 AD3d 1189 [2018]). In August 2012, Christopher Perkins was riding a motorcycle southbound on South Main Street in the Town of Groton, Tompkins County. At that time, Robert Zimmer Sr. (hereinafter Zimmer) was pulling out of his driveway from the east side of South Main Street, proceeding in a southerly direction. Perkins veered away from Zimmer's vehicle and collided with a telephone pole, sustaining a traumatic head injury.
Plaintiff, as Perkins' guardian, commenced this negligence action against defendant County of Tompkins seeking damages for the personal injuries that Perkins sustained in the accident. The action was consolidated with a subsequent action commenced against Zimmer.[FN1] Plaintiff maintains that the County's failure to maintain the vegetation along the east side of South Main Street north of Zimmer's driveway, coupled with the curvature of the road in an easterly direction north of Zimmer's driveway, limited the sight distance of both Perkins and Zimmer and caused the accident. Pertinent in this regard is Zimmer's deposition testimony, in which he explained that when he turned left out of his driveway, he first proceeded south in the northbound lane because "[he] can't see around the bend" looking north from his driveway. He also confirmed that the view north of his driveway was "obstructed by trees and bushes and the curve of the road." After joinder of issue, the County moved for summary judgment dismissing the complaint. Supreme Court denied the motion with the exception of plaintiff's claim of inadequate signage. The County appeals.
We affirm. There is no dispute that the County has a duty to maintain South Main Street in a reasonably safe condition. That duty extends to maintaining the right-of-way beyond the road surface, including "an obligation . . . to trim growth within the highway's right-of way to assure visibility of stop signs and other traffic" (Nurek v Town of Vestal, 115 AD2d 116, 117 [1985]; see D'Onofrio-Ruden v Town of Hempstead, 29 AD3d 512, 513 [2006]; Duger v Estate of Carey, 295 AD2d 878, 878 [2002]; Cain v Pappalardo, 225 AD2d 1005, 1006 [1996]). As the moving party, the County "was required to make a prima facie showing of [its] entitlement to judgment as a matter of law and produce sufficient evidence to demonstrate that there are no material issues of fact" (Perkins v County of Tompkins, 160 AD3d at 1190). More particularly, a party moving for summary judgment involving a defective highway claim "must show both that it received no prior written notice of the alleged defect and that it had no actual or constructive notice thereof" (Pasternak v County of Chenango, 156 AD3d 1007, 1008 [2017]; see Highway Law § 139 [2]).
Plaintiff's claim keys into the asserted overgrowth of vegetation along the east shoulder of South Main Street north of Zimmer's driveway. There is nothing in the record to show that the County received prior written notice of that condition, as stated in the affidavit of Catherine Covert, the clerk of the County Legislature. Covert, however, did not address constructive notice. Moreover, Zimmer testified that a representative from the County highway department came to his property a year before the accident in response to Zimmer's request to remove a tree impeding the view. That representative determined that the trees did not present a road hazard. Another County employee who worked as a crew supervisor with the highway department testified that he travelled South Main Street twice a month and that the County's policy was to mow grass along its roads twice each summer. As such, we agree with Supreme Court that a question of fact has been presented as to whether the County had, at least, constructive notice of the alleged defective condition.
The further question is whether the vegetation was actually situated within the County's right-of-way and, more particularly, whether the overgrowth was within a drainage ditch that the County was obligated to maintain. In this regard, the County submitted the affidavit of Jeffrey Smith, the County's highway director, who opined, after inspecting the site, that "any trees and vegetation to the north of the [Zimmer] driveway" were outside of the County's right-of-way, which is defined by use. The County also submitted the affidavit of Jerry Ogden, a civil engineer, who opined that the vegetation creating a partial visibility obstruction to the north of Zimmer's driveway was located entirely on private property. In contrast, plaintiff's expert, John Serth, a highway engineer and accident reconstruction expert, opined that the County was obligated to maintain "the paved street portion, the shoulder, as well as the side of the road to the backside of any drainage ditch." Upon inspecting the site, Serth determined that the area north of Zimmer's driveway was "in fact a drainage ditch that was created by the [County] as part of the road and its drainage." Serth further averred that the drainage ditch "was overgrown with vegetation, brush and tree limbs." Coupled with Zimmer's testimony, this evidence raises a question of fact as to whether the drainage ditch was within the County's right-of-way and whether the County failed to trim the overgrowth in this area, impacting each driver's view.
We are unpersuaded by the County's further contention that any failure on its part to trim the vegetation was not a proximate cause of the accident, which the County maintains was solely caused by the negligence of Perkins and Zimmer. There can certainly be more than one proximate cause of an accident and the County failed to establish that the lack of proper visibility played no significant role in this accident (see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [2018]; O'Brien v Couch, 124 AD3d 975, 977 [2015]). Zimmer's account suggests otherwise, raising a factual issue for the trier of fact to resolve.
Finally, Supreme Court properly denied that part of the County's motion pertaining to plaintiff's claim for defective design of the highway. The County's submissions show that South Main Street was built before 1930 and no evidence was submitted as to the standards in effect at the time the road was designed (see Fu v County of Washington, 144 AD3d 1478, 1479 [2016]).
Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: During the pendency of this action, Zimmer passed away and his estate has been substituted as defendant and third-party plaintiff.