Beecher v County of Nassau (2022 NY Slip Op 06459)

Beecher v County of Nassau

2022 NY Slip Op 06459

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-06099
 (Index No. 607415/18)

[*1]Daniel Beecher, respondent,
v
County of Nassau, appellant, et al., defendant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellant.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered May 1, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On April 30, 2017, the plaintiff allegedly was injured when he tripped on a pothole in a crosswalk in Floral Park. In June 2018, the plaintiff commenced this action to recover damages for personal injuries against, among others, the County of Nassau. The plaintiff alleged, inter alia, that the County created the alleged defect by improperly repairing the roadway. Thereafter, the County moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered May 1, 2020, the Supreme Court denied the County's motion, finding that the County failed to eliminate triable issues of fact as to whether it created the alleged defect. The County appeals.
"'A municipality that has enacted a prior written notice provision may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Dejesus v Town of Mamaroneck, 189 AD3d 1172, 1172, quoting Seegers v Village of Mineola, 161 AD3d 910 [internal quotation marks omitted]). "To establish prima facie entitlement to judgment as a matter of law, the defendant municipality must show, prima facie, the lack of prior written notice; once the defendant establishes that it lacks prior written notice, the burden then shifts to the plaintiff to demonstrate either that a question of fact exists in that regard or that one of the exceptions applies" (Vaisman v Village of Croton-on-Hudson, __AD3d__, __, 2022 NY Slip Op 05885, *2 [2d Dept]; see Smith v City of New York, __AD3d__, 2022 NY Slip Op 05226 [2d Dept]). Insofar as relevant to this appeal, "an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of negligence" (Piazza v Volpe, 153 AD3d 563, 564).
Here, the County established, prima facie, that it did not have prior written notice of the alleged defect (see Thompson v Nassau County, 200 AD3d 823, 825; Loghry v Village of Scarsdale, 149 AD3d 714, 715-716). However, in opposition, the plaintiff raised a triable issue of fact as to whether the County affirmatively created the alleged defect (see Boorman v Town of Tuxedo, 204 AD3d 742, 743; Pluchino v Village of Walden, 63 AD3d 897).
The County's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court