Romas v County of Suffolk

2026 NY Slip Op 02142

April 8, 2026

Appellate Division, Second Department

Golia

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

William Romas, respondent,

v

County of Suffolk, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-06848, (Index No. 611718/19)

Lara J. Genovesi, J.P.

Paul Wooten

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for appellant.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for respondent.

APPEAL by the defendant, in an action to recover damages for personal injuries, from an order of the Supreme Court (Joseph A. Santorelli, J.), dated June 11, 2024, and entered in Suffolk County. The order denied the defendant's motion for summary judgment dismissing the complaint.

Golia, J.

[*1]

OPINION & ORDER

I. Introduction

In an action to recover damages for personal injuries sustained in a bicycle accident, we are asked to determine whether the defendant, County of Suffolk, may enact legislation pursuant to the Municipal Home Rule Law that supersedes a New York State law. Specifically, the County contends that, through the enactment of Suffolk County Charter § C8-2(A)(2), it may supersede the provision of Highway Law § 139(2) that allows for an action to be maintained against a county, regardless of prior written notice, where the county had constructive notice of the alleged defective condition, pursuant to Municipal Home Rule Law § 10(1)(ii)(a)(5). We hold that Suffolk County Charter § C8-2(A)(2)(iii) contradicts Highway Law § 139(2) and, thus, the County may not, as it contends, "exercise [its] right to opt out" of the requirements of said statute.The County also contends that, in effect, even if constructive notice could be a theory of recovery in the instant action, the plaintiff bears the burden of establishing in the first instance that the County had constructive notice of the alleged defective condition. In other words, the County contends that its burden on this motion for summary judgment was only to show that it lacked prior written notice of the allegedly defective condition before the burden shifted to the plaintiff to demonstrate that the County had constructive notice of the condition. We hold, consistent with our precedent, that, when moving for summary judgment dismissing the complaint in cases invoking Highway Law § 139(2), the County must establish, prima facie, that it lacked both prior written notice and constructive notice of the alleged defective condition before the burden shifts to the plaintiff to raise a triable issue of fact in that regard or with regard to whether another exception applies.

Accordingly, we affirm the Supreme Court's order denying the County's motion for summary judgment dismissing the complaint.

II. Factual and Procedural History

On March 26, 2018, the plaintiff was riding his bicycle on County Road 51, which is maintained by the County, when his bicycle allegedly made contact with a defective condition, namely a pothole, causing him to fall and sustain injuries. The plaintiff served timely notice on the [*2]County pursuant to General Municipal Law § 50-e, after which he was examined twice under oath pursuant to General Municipal Law § 50-h. The plaintiff testified that, at approximately 11:00 a.m. on the day of the accident, he was riding his bicycle and made a right turn onto County Road 51. The plaintiff was riding in front of his friend and, at some point, the plaintiff turned to look over his shoulder. When the plaintiff turned around, he saw a car traveling behind them and so he started to move over. The plaintiff testified that "at that point [he] lost control of the bike and before [he] knew it[,] [he] was on the ground." He testified that, at the time, he did not know why he lost control of the bicycle and that he had "started to lose control from the front end of the bike. It started to shimmy and shake. It felt like [he] hit something and [he] couldn't control the bike at all." The plaintiff further testified that he returned to where the accident happened approximately one month later and observed that "[t]he pavement was cracked, large, just pieces of cement actually missing, there was actually two like larger pieces of cement missing from the roadway" that he had not noticed before. During a second hearing pursuant to General Municipal Law § 50-h, the plaintiff similarly testified that, after turning around and seeing a car behind them, the plaintiff "basically . . . hit something in the road which caused [his] bike to shimmy, shake, and eventually [he] just could not control it anymore and threw [him] to the ground," and that he had hit something with the front wheel of his bicycle. He testified that while he did not see anything in the road immediately before his fall, he remembered hitting something, the bicycle shaking, and losing control of the bicycle before he fell.

Thereafter, in June 2019, the plaintiff commenced this action by summons and verified complaint to recover damages for personal injuries he allegedly sustained as a result of the County's negligence in failing to adequately maintain County Road 51. The County answered the complaint, denied the material allegations therein, and asserted various affirmative defenses, including that the injuries sustained were caused by the plaintiff's own negligent conduct, that the plaintiff assumed the risk of bicycling on the County road, and that the action is barred under the doctrines of qualified and/or absolute governmental immunity for discretionary acts, among other things.

In January 2024, the County moved for summary judgment dismissing the complaint on the basis that it had no prior written notice of the defect which allegedly caused the accident and that liability on the part of the County cannot be premised upon constructive notice (see Suffolk County Charter § C8-2[A][2]). Specifically, the County argued that the complaint must be dismissed because it did not have prior written notice of the allegedly defective condition and the plaintiff failed to show that the County created the condition through an affirmative act of negligence. The County further contended that the plaintiff could not rely on a theory of constructive notice to support his claims against the County because, through the enactment of Suffolk County Charter § C8-2(A)(2), it "exercised [its] right to opt out of" Highway Law § 139(2). In support of its motion, the County submitted, inter alia, transcripts of the plaintiff's testimony during the General Municipal Law § 50-h hearings, transcripts of the deposition testimony of Salvatore Prisco, the deputy director of highway maintenance for the County, and affidavits of John Donovan, an investigator for the County, and of Frank Tassone, a clerk of the Suffolk County Legislature.

The plaintiff opposed the motion and contended that the County failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the complaint because it failed to establish that it lacked constructive notice of the allegedly defective condition. While the plaintiff did not challenge that the County lacked prior written notice of the purported defect, the plaintiff argued that summary judgment should not be awarded in favor of the County because the County failed to establish, prima facie, that it lacked constructive notice of the condition. The plaintiff asserted that, pursuant to Highway Law § 139, the "general rule" is that a county may be liable for personal injuries arising from defects in the county's roadways and that, as an exception to that general rule, a county may limit its exposure to liability by showing that it lacked prior written notice of the alleged condition. The plaintiff then argued that, as an "exception to [that] exception," an action may be maintained against the County where the County has constructive notice of the alleged condition, thereby, in effect, arguing that the County cannot simply "opt out" of Highway Law § 139(2), as it contends. In opposition, the plaintiff submitted County inspection records of the County roads, which included the County road at issue, from the years 2016, 2017, and 2018. The plaintiff also submitted, among other things, his own affidavit and an affidavit of an expert.

In an order dated June 11, 2024, the Supreme Court denied the County's motion. The [*3]court determined that the County established that it did not have prior written notice of the alleged defect. The court further determined that, pursuant to Highway Law § 139(2), the County was required to demonstrate that it lacked constructive notice of the alleged condition, but it failed to do so. The County appeals.

III. Discussion

Suffolk County May Not Enact Legislation Directly in Conflict with Highway Law § 139(2)

We first address the County's contention that it exempted itself from the constructive notice provision articulated in Highway Law § 139(2) as a result of its enactment of Suffolk County Charter § C8-2(A)(2)(i)-(iii). Pursuant to the New York State Constitution, article IX, § 2(c)(i), local governments have the power to adopt local laws "not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government." This article of our Constitution further provides that the State Legislature may "restrict the adoption of such a local law relating to . . . [t]he presentation, ascertainment and discharge of claims against it" (NY Const, art IX, § 2[c][ii][5]). It is thus well established that "'[a] municipality may not enact a local law which is inconsistent with or in derogation of a general law of the State'" (Brookhaven Baymen's Assn., Inc. v Town of Southampton, 201 AD3d 856, 859, quoting State of New York v Trustees of Freeholders & Commonalty of Town of Southampton, 99 AD2d 804, 805; see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d 606, 628 [finding that local tax law was not consistent with the County Guaranty enacted by the Legislature]; Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d 126, 133, affd 20 NY3d 481; Belle v Town Bd. of Town of Onondaga, 61 AD2d 352, 356). "'Broadly speaking, State preemption occurs in one of two ways—first, when a local government adopts a law that directly conflicts with a State statute and second, when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility'" (Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead, 91 AD3d at 133-134, quoting DJL Rest. Corp. v City of New York, 96 NY2d 91, 95; see Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 690). As relevant to this appeal, we hold that Highway Law § 139(2) preempts Suffolk County Charter § C8-2(A)(2)(iii) because this provision of the Suffolk County Charter directly conflicts with the Highway Law.

There are three main statutes, and their intersection, that guide the analysis of the issues presented in this regard: Highway Law § 139(2), Municipal Home Rule Law § 10(1)(ii)(a)(5), and Suffolk County Charter § C8-2(A)(2). The County, relying on the Municipal Home Rule Law, contends that its enactment of section C8-2(A)(2)(iii) of the Suffolk County Charter "shall supersede" that portion of Highway Law § 139(2) which authorizes an action against a county premised upon constructive notice of an alleged defect.

Suffolk County Charter § C8-2(A)

Suffolk County Charter § C8-2(A), the County's prior written notice statute, was enacted in 1989 (see Local Law No. 28-1989 of the County of Suffolk), and subsequently amended in November 2004 (see Local Law No. 39-2004 of the County of Suffolk). The amended version of the statute added a subsection providing, inter alia, that

"no civil action shall be maintained against Suffolk County . . . for damages or injuries to a person or property sustained by reason of any (a) highways; (b) roads . . . , on account of that structure or thing enumerated above, in whole or in part, allegedly being in a defective condition . . . unless the County has received written notice within a reasonable time before said injury or property damage was sustained" (Suffolk County Charter § C8-2[A][2][i]).

The Suffolk County Charter continues by explicitly stating that subsection A of this provision "shall supersede, in its application to the County of Suffolk," Highway Law § 139(1), which provides that a county may be liable in an action arising out of a defective condition on a highway (see Suffolk County Charter § C8-2[A][2][iii][a]), as well as "[t]hat portion of New York Highway Law § 139(2) which authorizes an action premised upon constructive notice pursuant to New York Municipal Home Rule Law § 10(1)(ii)(a)(5)" (id. § C8-2[A][2][iii][b]).

The County's amendment of Suffolk County Charter § C8-2(A)(2) was predicated upon the accident underlying this Court's decision and order in Napolitano v Suffolk County Dept. of Pub. Works (65 AD3d 676) (see Suffolk County Resolution No. 1157-2004, § 1). Indeed, as was [*4]argued by the County at oral argument, the County was concerned that a constructive notice exception would allow the "floodgates [to] open," and so the County amended its County Charter to excise the constructive notice exception articulated in Highway Law § 139(2) in order to insulate itself from this theory of liability (see Suffolk County Charter § C8-2[A][2][i]-[iii]; Suffolk County Resolution No. 1157-2004, § 1). Such motivation for the amendment was evidenced by the Legislative intent of this provision, which provided that "[t]he purpose of this law is to expand the scope of [their] prior notice of defective condition legislation . . . in order to mitigate County liability" (Suffolk County Resolution No. 1157-2004, § 1). Notwithstanding the County's concerns, this is the first time, to our knowledge, that we have been confronted with a challenge to the Suffolk County Charter in the more than 20 years since its enactment.

In light of the importance of Napolitano in the context of the County's decision to amend its prior written notice statute, a brief summary of that case is included here. In Napolitano, the plaintiff therein allegedly was injured in June 2004 while riding his motorcycle when he hit a pothole on a County road, after which he commenced an action to recover damages for personal injuries in March 2005 (see Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677). At the time of the accident, Highway Law § 139(2) had been enacted and thus was in full force and effect. However, when the plaintiff allegedly was injured, the Suffolk County Charter, as amended, as mentioned above, had not yet been enacted. In October 2007, the defendants, including the Suffolk County Department of Public Works, moved for summary judgment dismissing the complaint because they did not have prior written notice of the alleged defective condition (see Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677). The Supreme Court denied the defendants' motion, relying on the Suffolk County Charter, as amended, which purported to eliminate the constructive notice exception from Highway Law § 139(2), and found that the County failed to meet its prima facie burden with regard to prior written notice. The court did not consider the issue of constructive notice (see Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677). The defendants thereafter moved for leave to reargue their prior motion and the court, upon reargument, adhered to its prior determination (see id.).

On appeal, the Napolitano Court considered strikingly similar issues to the instant appeal. Since, at the time of the accident, Suffolk County Charter § C8-2 had not yet been amended, this Court applied the pre-amendment version of the Suffolk County Charter, which did not include the provision purportedly eliminating the constructive notice exception in Highway Law § 139(2). This Court determined that the County may enact a prior written notice statute under Highway Law § 139(2) and that Highway Law § 139(2) "also provides that, as a matter of law, constructive notice of a highway defect, except in the case of snow and ice, is an exception to any such prior written notice requirement, irrespective of whether or not the local statute provides for such an exception" (Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677). Thus, this Court determined that the County's local law must be interpreted in conjunction with Highway Law § 139(2) (see Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677; see also Gass v County of Rockland, 239 AD3d 947, 949; Hart v City of Buffalo, 218 AD3d 1140, 1143; Moxey v County of Westchester, 63 AD3d 1124, 1125).

Municipal Home Rule Law § 10(1)(ii)(a)(5)

The Municipal Home Rule Law "sets forth the general powers of local governments to adopt and amend local laws in accordance with article IX of the NY Constitution" (Boening v Nassau County Dept. of Assessment, 157 AD3d 757, 759-760; see 41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d 325, 332). Specifically, as relevant to this appeal, it states that

"[i]n addition to powers granted in the constitution, the statute of local governments or in any other law . . . every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of . . . [a] county, city, town or village . . . . [t]he presentation, ascertainment, disposition, and discharge of claims against it" (Municipal Home Rule Law § 10[1][ii][a][5]).

Generally, where a local and state law govern the same subject matter, the Municipal Home Rule Law is not violated unless there is an express conflict between the two laws (see Eric M. Berman, P.C. v City of New York, 25 NY3d at 690; Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 376; Willow Woods Manufactured Homeowner's Assn., Inc. v R & R [*5]Mobile Home Park, Inc., 81 AD3d 930, 933; R & K Gen. Contr. v County of Putnam, 284 AD2d 519, 519). Where there is a conflict between a general law of the State and a local law, the local law is invalidated (see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 621 [invalidating local law as violative of the Municipal Home Rule Law where the County passed a law which altered the distribution of tax proceeds and assessments]; McGrath v Suffolk County, 232 AD3d 879, 885 [finding that the County's imposition of monetary liability above a certain amount for a red light camera violation is void as it conflicts with a general law of the State]; Guthart v Nassau County, 232 AD3d 854, 856 [finding same]).

Highway Law § 139(2)

Lastly, Highway Law § 139(2) provides, in relevant part, that

"a county may, by local law duly enacted, provide that no civil action shall be maintained against such county for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition was actually given to the clerk of the governing body of such county or the county highway superintendent; and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of, or, in the absence of such notice, unless such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Highway Law § 139[2] [emphasis added]).Thus, as plainly stated in the statute itself: an action may be maintained against a county for defects in a county roadway if the condition precedent of prior written notice has been met and/or if the action is predicated upon a theory of constructive notice.

Indeed, when Highway Law § 139(2) was being advanced in the New York State Legislature, it was clear that the Legislature's intent was that a county's local law regarding prior written notice must be interpreted in conjunction with Highway Law § 139(2) (see Senate-Assembly Mem in Support, Bill Jacket, L 1982, ch 722 at 5-6). At approximately the same time that the Legislature was amending Highway Law § 139 to include the constructive notice exception in subdivision (2), the Court of Appeals was presented with the issue of whether the then Highway Law § 139, which provided that when "a county has charge of the repair or maintenance of a road, highway, bridge or culvert, the county shall be liable for injuries to person or property . . . but the county shall not be liable in such action unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law," precluded a county from enacting its own prior written notice statute (Holt v County of Tioga, 56 NY2d 414, 418 [internal quotation marks omitted]). The local law enacted by the County of Tioga therein specifically stated that

"[n]o civil action shall be maintained against the County of Tioga . . . for damages or injuries to persons or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the County Clerk or County Superintendent of Highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of" (id. [internal quotation marks omitted]).After the plaintiff therein commenced an action to recover damages for personal injuries allegedly resulting from an accident on a highway owned and maintained by the County of Tioga, the County moved to dismiss the complaint (see id. at 416). The Supreme Court denied the County's motion and the Appellate Division, Third Department, affirmed, determining that the local law was unconstitutional as it conflicted with then Highway Law § 139 (see Holt v County of Tioga, 56 NY2d at 417). The Court of Appeals determined that the local law at issue was not inconsistent with Highway Law § 139, as the Highway Law, as it was written at that time, had "the sole effect of imposing liability on counties for injuries caused by unsafe or improperly maintained highways" (Holt v County of Tioga, 56 NY2d at 419).

After the Court of Appeals' decision in Holt, the Legislature adopted a resolution to amend Highway Law § 139. The Senate-Assembly Memorandum advised that subdivision 2 of Highway Law § 139 would provide that, even where a county may require prior written notice of an alleged defect as a condition precedent to an action initiated against it, "in the absence of such notice, that the defective and dangerous condition existed for so long a period that same should have been discovered and remedied in the exercise of reasonable care and diligence" (Senate-Assembly Mem in Support, Bill Jacket, L 1982, ch 722 at 5). Moreover, in the Governor's Approval Memorandum of Highway Law § 139, then-Governor Hugh Carey stated that "[p]rior notification will not, [*6]however, be required if the defective, unsafe, dangerous or obstructed condition existed for so long a period that it should have been discovered and remedied in the exercise of reasonable care or negligence" (Governor's Approval Mem, Bill Jacket, L 1982, ch 722 at 37). The Memorandum further provided that "this bill may limit county discretion in adopting local prior notification laws insofar as it would permit the maintenance of actions in the absence of notice where the defect or danger should have been discovered and remedied" (id.).

Since the amendment of Highway Law § 139 and the Holt decision, other counties have similarly enacted prior written notice statutes, but this Court, as well as our sister departments that have opined on Highway Law § 139(2), have consistently held that, as a matter of law, any prior written notice statute must be analyzed in conjunction with Highway Law § 139(2) (see Hart v City of Buffalo, 218 AD3d at 1147; Horan v Town of Tonawanda, 83 AD3d 1565, 1566; Phillips v County of Nassau, 50 AD3d 755, 756; DeHoust v Aakjar, 290 AD2d 927, 927-928 ["the Legislature, in enacting Highway Law § 139(2) as it applies to county highways, specifically included a constructive notice provision making the legislative judgment plain that constructive notice is available to a plaintiff injured by a defective condition in a county's highway. The County's local law cannot supersede this general law"]).

For example, in Phillips v County of Nassau (50 AD3d at 756), this Court addressed a provision of the Nassau County Administrative Code, which provided that prior written notice was required before maintaining an action against the County therein for injuries sustained as a result of a defective condition on the street or highway. The section of the Nassau County Administrative Code at issue did not explicitly provide for the maintenance of an action against the County premised upon constructive notice of an allegedly defective condition (see Nassau County Administrative Code § 12-4.0[e]; Phillips v County of Nassau, 50 AD3d at 756). The Supreme Court granted the County's motion for summary judgment dismissing the complaint because the County did not have prior written notice of the defective condition (see Phillips v County of Nassau, 50 AD3d at 756). On appeal, the parties did not contest that the County did not receive prior written notice of the alleged condition (see id.). However, in reversing the Supreme Court's judgment, this Court held that the County's prior written notice provision "'should be construed in accord with Highway Law § 139(2), which allows for tort recovery based on constructive notice where written notice is lacking'" (id., quoting Bernardo v County of Nassau, 150 AD2d 320, 320 [determining that the complaint may be construed as asserting that the County had constructive notice of the allegedly defective condition]), and further determined that liability may still be imposed on the County in the absence of prior written notice of the defect where the County had constructive notice of same (see id.).

Similarly, in Hart v City of Buffalo (218 AD3d at 1141), the Appellate Division, Fourth Department, recently addressed the issues of whether the Supreme Court therein erred in finding that the plaintiff was required to establish that the County had received prior written notice of the alleged defective condition and whether the prior written notice statute at issue must, pursuant to Highway Law § 139(2), "be deemed to incorporate a provision allowing an action to proceed, even in the absence of prior written notice, if the County had constructive notice of the defect." The Fourth Department held that the local law, despite not explicitly providing for the plaintiff to maintain an action where there was no prior written notice but where the County had constructive notice of the issue, "'must be interpreted in conjunction with Highway Law § 139(2) to permit an action against the County based on constructive notice of a dangerous highway condition'" (id. at 1142, quoting Tanner W. v County of Onondaga, 225 AD2d 1074, 1074). Additionally, while relying on the Third Department's decision in Pasternak v County of Chenango (156 AD3d 1007), the Fourth Department held that

"where Highway Law § 139 is applicable[,] . . . [e]ven if a local law exists requiring prior written notice of a defect, a civil action may be commenced absent such notice against a [county] for injuries resulting from a defect in a highway under its care if the defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Hart v City of Buffalo, 218 AD3d at 1142 [internal quotation marks omitted]; see Loughren v County of Ulster, 75 AD3d 976, 977).

In other words, regardless of whether a county enacts its own prior written notice statute, a plaintiff may maintain an action against a county premised upon constructive notice pursuant to Highway Law § 139(2). Thus, the Fourth Department, in determining that an action may be maintained against a county based upon a constructive notice theory even in the absence of prior written notice, [*7]reasoned that the county's law must be read in conjunction with Highway Law § 139, a general state law (see Hart v City of Buffalo, 218 AD3d 1140).

Here, in an attempt to limit its liability, the County contends that it has enacted a law that supersedes the requirements of Highway Law § 139(2) and relies upon the Court of Appeals' decision in Holt v County of Tioga for the proposition that the County is permitted to enact a prior written notice statute that "expressly rebuts the application of Highway Law § 139" against it. The County's reliance on Holt v County of Tioga, however, is misplaced. Preliminarily, as noted above, Highway Law § 139(2) was not enacted when Holt was decided (see Senate-Assembly Mem in Support, Bill Jacket, L 1982, ch 722 at 5-6). In any event, Holt does not support the County's contention that removing the explicitly written exception of constructive notice is a proper use of the County's law-making powers, while relying on the Municipal Home Rule Law. Rather, the Court of Appeals in Holt analyzed a statute that was not in direct conflict with then Highway Law § 139 and addressed whether a county may enact a prior written notice statute in the first instance, not the question of whether a county may insulate itself from liability in an action premised upon a written-in exception in Highway Law § 139(2) through its prior written notice statute.

In the instant appeal, the statute enacted by the County explicitly contradicts Highway Law § 139(2). Based on the clear language of the Suffolk County Charter § C8-2(A)(2), it is plain that this statute is inconsistent with the requirements of Highway Law § 139(2), as it explicitly "supersedes" the constructive notice requirements of that provision of the Highway Law, and therefore is violative of the Municipal Home Rule Law (see DeHoust v Aakjar, 290 AD2d at 927-928). The instant appeal differs from the prior written notice statute at issue in Holt v County of Tioga (56 NY2d at 419), in which the Court of Appeals held that the prior written notice statute at issue therein was not inconsistent with the requirements of the Highway Law. Indeed, Holt supports the plaintiff's contention that a county's prior written notice statute in this regard must be consistent with Highway Law § 139(2).

Moreover, in the instant appeal, the County takes its prior written notice statute one step further than the ones at issue in Phillips, Pasternak, and Hart, where the prior written notice statutes were silent on the constructive notice theory of recovery. Here, the County unilaterally attempted to immunize itself from the provision of Highway Law § 139(2) that allows for an action against a county premised upon constructive notice. The statute at issue in the instant appeal is clearly in derogation of the constructive notice exception explicitly provided for in Highway Law § 139(2).

Here, subsection A of Suffolk County Charter § C8-2 regulates the same presentation of claims outlined in Highway Law § 139(2) and explicitly purports to eliminate the constructive notice requirements of said statute. Thus, it is clear that this subsection of the Suffolk County Charter is in direct conflict with the Highway Law (see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 621; McGrath v Suffolk County, 232 AD3d at 885; Guthart v Nassau County, 232 AD3d at 856). Accordingly, contrary to the County's contention, it may not enact legislation to "supersede" this section of the Highway Law by amendment to the County's Charter. Any attempt by the County to immunize itself from the constructive notice exception enumerated within Highway Law § 139(2), a general law of the State, would be inconsistent with or in derogation of a general law of the State concerning the presentation of claims and violative of the Municipal Home Rule Law (see Municipal Home Rule Law § 10[1][ii][a][5]).

B. The County Bears the Prima Facie Burden of Establishing Lack of Constructive Notice Where Highway Law § 139(2) is Implicated

Having first held that the County cannot "opt out" of the requirements of Highway Law § 139(2), we now turn to the issue of whether the plaintiff has the burden of establishing that the County had constructive notice of the alleged defect in response to the County demonstrating that it lacked prior written notice of the alleged defective condition,FN1 as the County contends. Interestingly, the interplay between applying a county's prior written notice statute involving conditions on roadways within the county's jurisdiction and the burden imposed on the parties on a motion for summary judgment are often presented together, as they are here (see Hart v City of [*8]Buffalo, 218 AD3d at 1147; Pasternak v County of Chenango, 156 AD3d 1007; Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d 676). Additionally, none of the cases referenced herein involve prior written notice statutes that conflict with Highway Law § 139(2), and rather have been found to work in conjunction with that statute.

We hold, as we have previously, that the County had the burden of proof on its motion for summary judgment dismissing the complaint to establish, prima facie, that it lacked both prior written notice and constructive notice of the alleged defective condition (see Kenney v County of Nassau, 93 AD3d 694, 695 ["the County presented unequivocal evidence that the Office of the County Attorney, as statutory designee, did not receive prior written notice of the alleged defect in the roadway and that the County did not have constructive notice of the alleged defect"]; see also Perkins v County of Tompkins, 179 AD3d 1334, 1335 ["(A) party moving for summary judgment involving a defective highway claim 'must show that it received no prior written notice of the alleged defect and that it had no actual or constructive notice thereof'" (quoting Pasternak v County of Chenango, 156 AD3d at 1008 [finding same])]).

Once a county meets its prima facie burden, it is well established that there are two exceptions to Highway Law § 139 that are not explicitly mentioned in the statute. These exceptions, which must be asserted by the plaintiff in opposition to a county's motion for summary judgment dismissing the complaint, are: (1) if the county created the defective condition through an affirmative act of negligence or (2) where a special use confers a special benefit upon the locality (see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128; Amabile v City of Buffalo, 93 NY2d 471, 474; Onolfo v County of Nassau, 223 AD3d 749, 750; Hart v City of Buffalo, 218 AD3d at 1148; Horan v Town of Tonawanda, 83 AD3d at 1566-1567).

General principles of summary judgment dictate that the movant for such drastic relief bears the burden of eliminating all triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). Where Highway Law § 139(2) is implicated, the burden is clearly on the plaintiff to establish whether an exception not explicitly accounted for in the statute applies, specifically that the county created the allegedly defective condition through an affirmative act of negligence or that a special use confers a special benefit upon it (see Amabile v City of Buffalo, 93 NY2d at 474; Smith v City of New York, 210 AD3d 53, 69). However, where, as here, the county has moved for summary judgment dismissing the complaint, it would be contrary to the written-in constructive notice exception in Highway Law § 139(2) to mandate that the plaintiff has the burden to show that the county also lacked constructive notice of the alleged defective condition.

Here, the statute at issue provides that no action may be maintained against a county for an allegedly defective condition on its roadways unless the county received prior written notice of that condition. Highway Law § 139(2) further provides that, as a matter of law, constructive notice is an exception to the prior written notice requirement. That this exception is specifically written into the statute plainly dictates that the burden is on the county to show, prima facie, that it lacked both prior written notice and constructive notice before the burden shifts to the plaintiff. Indeed, our Court and our sister departments who necessarily deal with this provision of the Highway Law, have consistently held that it is the county that must establish not only that it lacked prior written notice, but also that it lacked constructive notice on its motion for summary judgment dismissing the complaint before the burden shifts to the plaintiff to raise a triable issue of fact or show that an exception applies (see Gass v County of Rockland, 239 AD3d 947, 948; Hart v City of Buffalo, 218 AD3d at 1146; Pasternak v County of Chenango, 156 AD3d at 1007; Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677).

Notably, this Court held in Napolitano,

"[u]nder Highway Law § 139(2), a county can enact a prior written notice statute that provides that it may not be subject to liability for injuries caused by an improperly maintained highway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies. However, the statute also provides that, as a matter of law, constructive notice of a highway defect, except in the case of snow and ice, is an exception to any such prior written notice requirement, irrespective of whether or not the local statute provides for such an exception" (Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677 [citations omitted] [emphasis added]). In applying Highway Law § 139(2) to the facts of that case, this Court determined that, while the defendants established that they did not have prior written notice of the allegedly defective condition, they failed to establish, prima facie, that they did not have constructive notice of the [*9]allegedly defective condition (see Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677-678).

Moreover, in our Court's most recent case of Gass v County of Rockland (239 AD3d at 948), the County defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The prior written notice statute at issue in Gass, unlike the statute at issue in the instant appeal, was consistent with Highway Law § 139(2) in that it included an exception for where the County had constructive notice of the alleged defect (see Rockland County Code § 327-1[B]). On appeal, the County defendants argued that the Supreme Court erred in determining that there was a triable issue of fact as to whether they had constructive notice of the alleged defective condition in the first instance (see Gass v County of Rockland, 239 AD3d at 949). This Court stated that, pursuant to Highway Law § 139(2), "as a matter of law, constructive notice of a highway defect, except in the case of snow and ice, is an exception to any such prior written notice requirement, irrespective of whether or not the local statute provides for such an exception" (Gass v County of Rockland, 239 AD3d at 949 [internal quotation marks omitted]), and that

"'[t]o establish prima facie entitlement to judgment as a matter of law, the defendant municipality must show, prima facie, the lack of prior written notice; once the defendant establishes that it lacks prior written notice, the burden then shifts to the plaintiff to demonstrate either that a question of fact exists in that regard or that one of the exceptions applies'" (id., quoting Vaisman v Village of Croton-on-Hudson, 209 AD3d 920, 922; see Beecher v County of Nassau, 210 AD3d 852, 853; Smith v City of New York, 210 AD3d at 55).

Put another way, the County defendants there had to show, as a matter of law, that they lacked prior written notice of the alleged defect, but also that they lacked constructive notice before the burden shifted to the plaintiff to raise a triable issue of fact as to those issues or show that an exception applies. In affirming the Supreme Court's order, this Court ultimately determined that the plaintiff had demonstrated a triable issue of fact regarding the issue of constructive notice by submitting an affidavit of an expert who opined that the defect had been present for several years (see Gass v County of Rockland, 239 AD3d at 949-950), impliedly determining that the County defendants met their prima facie burden.

Additionally, in Rauschenbach v County of Nassau (128 AD3d 661, 662), a case that the County attempts to distinguish from the instant appeal, the County therein moved for summary judgment dismissing the complaint insofar as asserted against it in an action where the plaintiff fell after his bicycle allegedly hit a pothole in a road maintained by the County. This Court noted our well-established jurisprudence with respect to Highway Law § 139(2) and stated "[n]otwithstanding the existence of a prior written notice statute, a County may be liable for an accident caused by a defective highway condition where the County has constructive notice of the condition" (Rauschenbach v County of Nassau, 128 AD3d at 662). Without commenting on whether the County lacked prior written notice, this Court determined that the County established, prima facie, that it lacked constructive notice of the alleged defect by submitting the deposition testimony of a County employee, who testified that he had inspected the area every weekday until the week before the accident and did not see the alleged defective condition (see id.). This Court then determined that the plaintiff raised a triable issue of fact regarding the issue of lack of constructive notice and, therefore, the Supreme Court had improperly granted the County's motion for summary judgment dismissing the complaint insofar as asserted against it (see id. at 662-663). Thus, while not so explicitly stated, it is clear that Rauschenbach stands for the proposition that, in order to be awarded summary judgment in its favor, the County was required to show, prima facie, that it lacked constructive notice of the alleged defect before the burden shifted to the plaintiff to raise a triable issue of fact.

Moreover, in Pasternak v County of Chenango (156 AD3d at 1007), the plaintiff commenced an action alleging causes of action sounding in negligence against the County and asserted that the County was negligent in, among other things, the maintenance of its roadway. The Third Department held that "to establish entitlement to summary judgment, a county must show both that it received no prior written notice of the alleged defect and that it had no actual or constructive notice thereof" (id. at 1008 [emphasis added]). In applying this rule to the facts of that case, the Third Department, noting that it was undisputed that the County lacked prior written notice of the alleged defects, determined that the County "failed to demonstrate prima facie entitlement to [*10]summary judgment as its own submissions raise a triable issue of fact regarding constructive notice" (id.).

Similarly, the Fourth Department, in Hart v City of Buffalo, affirmatively addressed the burden on the County's motion for summary judgment with regard to Highway Law § 139(2). The County therein argued that summary judgment should be awarded in its favor because it established that it lacked prior written notice of the condition and that "any constructive notice of the sidewalk defect was simply irrelevant as a matter of law" (Hart v City of Buffalo, 218 AD3d at 1146). The Fourth Department determined that "the County, in order to establish its entitlement to summary judgment, was required to show that it had no constructive notice of the alleged sidewalk defect at issue here" (id.). In addition to determining that, through its submissions, the County did not meet its prima facie burden that it lacked constructive notice of the alleged defective condition, the Court determined that, even if the burden had shifted to the plaintiff after a finding with regard to constructive notice, the plaintiff's submissions raised a triable issue of fact as to whether the County had constructive notice of the defect (see id. at 1147).

Accordingly, it is clear that, consistent with our jurisprudence, here, the County, in order to meet its prima facie burden in support of its motion for summary judgment dismissing the complaint, was required to demonstrate that it not only lacked prior written notice of the alleged defective condition, but that it also lacked constructive notice of the condition (see Gass v County of Rockland, 239 AD3d at 949; Perkins v County of Tompkins, 179 AD3d at 1335; Pasternak v County of Chenango, 156 AD3d at 1007-1008; Napolitano v Suffolk County Dept. of Public Works, 65 AD3d at 677).

In applying the above principles to the instant appeal, here, the County established that it lacked prior written notice of the alleged defect (see Onolfo v County of Nassau, 223 AD3d at 751). In support of its motion, the County submitted, inter alia, transcripts of the deposition testimony of Salvatore Prisco, the deputy director of highway maintenance for the County. Prisco testified that the County did not have any record of a pothole in the area where the plaintiff allegedly sustained his injuries nor did the County have a record of any complaints regarding potholes in that area. The County also submitted affidavits of two employees, who both averred that the County had not received any complaints about the subject area before the day of the accident.However, the County failed to submit any admissible evidence on the issue of whether it had constructive notice of the alleged defect and, thus, the County failed to meet its prima facie burden in this respect (see Napolitano v Suffolk County Dept. of Pub. Works, 65 AD3d at 677). In determining that the County failed to meet its prima facie burden on its motion for summary judgment, this Court need not examine the sufficiency of the plaintiff's opposing papers (see generally Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).

Nevertheless, even if the burden had shifted to the plaintiff, the plaintiff raised a triable issue of fact as to the issue of constructive notice. The plaintiff submitted, among other things, various inspection records from the years leading up to the accident, which indicated that the road where the plaintiff allegedly was injured was inspected for a patch repair on February 23, 2018, a few weeks before the incident. Moreover, the plaintiff submitted an expert affidavit in which the expert averred that the defective condition had resulted from a "cumulative process over a period of time which, depending upon the severity of weather conditions, which period consists of months or years." The plaintiff's expert further averred that the defective condition would have been visible during an inspection for "an extensive period of time prior to the accident." Thus, the plaintiff raised a triable issue of fact regarding whether the County had constructive notice of the alleged defect (see Gass v County of Rockland, 239 AD3d at 949-950; Phillips v County of Nassau, 50 AD3d at 756-757).

IV. Conclusion

Accordingly, the Supreme Court properly denied the County's motion for summary judgment dismissing the complaint.

In light of the foregoing, the parties' remaining contentions are without merit.

Accordingly, the order is affirmed.

GENOVESI, J.P., WOOTEN and VENTURA JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Darrell M. Joseph

Clerk of the Court

Footnotes

Footnote 1: * It is noted that neither party is challenging that the County did not have prior written notice of the alleged defective condition.